UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY G. TOUPS** | DOCKET NUMBER: 17-6468 |
| VERSUS | SECTION: _____ |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA ('CIGNA')** | MAGISTRATE: _____ |

## COMPLAINT AND REQUEST FOR JURY

The plaintiff, Anthony G. Toups, through undersigned counsel, respectfully says that:

1. This is a claim for Employee Retirement Income Security Plan ("ERISA") disability benefits under 29 U.S.C. Sec. 1001, *et seq*.

2. Jurisdiction is proper under 29 U.S.C. Sec. 1132(e)(1) because the plaintiff is a beneficiary making this claim to enforce his rights.

3. Venue is proper under 29 U.S.C. Sec. 1132(e)(2) because this is the district where the plan is administered and where the breach took place.

4. The plaintiff, Anthony G. Toups, is a natural person of full age of majority and a resident of Westwego, Louisiana. He is a plan participant and beneficiary of an ERISA plan created by his employer, Audubon Nature Institute, and an insured participant of a group disability policy issued by CIGNA.

5. The defendant is Life Insurance Company of North America ("CIGNA") is a foreign corporation authorized and doing business in Louisiana.

6. CIGNA issued a group disability policy, No. LK 961968, insuring the employees of Audubon Nature Institute in New Orleans. Louisiana. The policy granted the administrator,

CIGNA, the exclusive right and authority to control and manage the operation and administration of it. The plaintiff is a beneficiary and insured under the policy.

7. ERISA mandates all plan administrators discharge their duties in the interest of policy participants and beneficiaries. 26 U.S.C. Sec. 1104(a)(1).

8. The plaintiff filed a claim for disability benefits with CIGNA under the policy because his medical condition precluded him from continuing to perform his job duties on a fulltime basis. By February 6, 2015, the defendants received and acknowledged Mr. Toups's claim.

9. The plaintiff is disabled under the terms of the disability policy issued by CIGNA.

10. CIGNA unlawfully denied further payment to the plaintiff for benefits he is entitled to under the terms of the CIGNA disability policy and his Long-Term Disability ("LTD") claim beyond December 31, 2015.

11. Mr. Toups appealed the denial in August 2016, but CIGNA upheld its previous decision.

12. CIGNA's denials are based upon insubstantial evidence and are an abuse of discretion.

13. The plaintiff has exhausted his administrative remedies and now timely files this suit to reverse CIGNA's denial of benefits.

14. The defendant abused its discretion as plan administrator by denying Mr. Toups's claim for disability benefits in bad faith.

15. CIGNA administered the plaintiff's claim with an inherent and structural conflict of interest, as it is liable to pay benefits from its own assets to Mr. Toups and each payment depletes the defendant's assets.

16. The defendant failed to give the policy a uniform construction and interpretation.

17. CIGNA chose to conduct reviews of denied claims to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

18. As a routine business practice, CIGNA uses the appeals process to support initial benefit denials rather than to determine impartially whether the denial should be reversed.

19. The defendant's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

20. CIGNA denied benefits due to Mr. Toups's under the policy, and the plaintiff suffered, and continues to suffer, economic loss as a result.

21. The plaintiff is entitled to an award of interest on all money the defendant should have paid Mr. Toups.

22. The plaintiff seeks reasonable attorney's fees and costs in this action under 29 U.S.C. Sec. 1132(g).

23. The plaintiff requests a jury trial on all issues.

**WHEREFORE**, the plaintiff, Anthony G. Toups, prays that the Court issue summons to the defendant, Life Insurance Company of North America, CIGNA, citing it to appear and answer this complaint within the delay allowed by law.

The plaintiff further prays that, after due proceedings, the Court render judgment in favor of the plaintiff, Anthony G. Toups, and against the defendant, Life Insurance Company of North America, CIGNA, in an amount sufficient in the premises and for:

1. All benefits due to the plaintiff in the past and future under the policy;
2. Judicial interest;

3. Reasonable attorney's fees;

4. Costs of this suit; and

5. For all other relief as the facts and law may provide.

Respectfully Submitted:

Attorneys for Anthony G. Toups, Plaintiff

_____
JOHN A. VENEZIA (#23963)
johnvenezia@venezialaw.net
JULIE O'SHESKY (#36245)
julieoshesky@venezialaw.nety
Venezia & Associates (APLC)
757 St. Charles Avenue
Suite 302
New Orleans, LA 70130
(504) 486-3910 voice
(504) 486-3913 fax

**PLEASE ISSUE SUMMONS TO:**

Life Insurance Company of North America (CIGNA)
Through agent of service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809